

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| JEFFREY E. ALLEN and ELIZABETH A ALLEN, | §.<br>§ | |
| Plaintiffs | § | |
| vs. | § | CIVIL ACTION NO. 4:18-01885-MGL |
| | § | |
| HOLIDAY KAMPER COMPANY OF COLUMBIA, LLC d/b/a Camping World RV Sales; WINNEBAGO INDUSTRIES, INC.; and BANK OF AMERICA, NA, | §<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND**

## I. INTRODUCTION

Plaintiffs Jeffery E. Allen and Elizabeth A. Allen (collectively, the Allens) brought this suit in the Court of Common Pleas for Horry County against Defendants Holiday Kamper Company of Columbia, LLC, d/b/a Camping World RV Sales (Camping World), Winnebago Industries, Inc. (Winnebago), and Bank of America, NA (Bank of America) (collectively, Defendants). The Allens claim breaches of warranties under state law and the federal Magnuson-Moss Warranty Act (Warranty Act), breaches of the South Carolina Manufacturers, Distributors, and Dealers Act, Lemon Law liability, rescission, and revocation of acceptance. Defendants subsequently removed the case to this Court.

Pending before the Court is the Allen's motion to remand. Having carefully considered the motion, the response, the record, and the applicable law, the Court will deny the motion.

## II.     FACTUAL AND PROCEDURAL HISTORY

The Allens purchased the subject recreational vehicle (RV or camper) from Camping World. The RV was manufactured by Winnebago. They paid $125,000 for the RV, plus $4,075 in additional charges, for a total of $129,075.00. The Allens financed $90,075 of this amount. The loan was assigned to Bank of America.

According to the Allens, "[s]hortly after purchasing the camper, [they] experienced numerous unrelenting problems . . . . [They] have had the camper in for repairs at the Camping World Repair Shop on numerous occasions, totaling many months." Complaint ¶ 7-8.

After the Allens filed suit in state court, Defendants removed the case to this Court on the basis of the Allen's Warranty Act claim. The Allens then filed their motion to remand, to which Defendants filed a response. The Court, having been briefed on the relevant issues, is now prepared to adjudicate the motion on the merits.

## III.     STANDARD OF REVIEW

The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Nevertheless, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "Therefore, '[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Id.* (quoting *Mulcahey*, 29 F.3d at 151). Moreover, any ambiguity is to be construed against the removing party. *Her Majesty The Queen In Right of the Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

When considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988). The "well-pleaded complaint rule" requires the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

The Court "has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

**IV. CONTENTIONS OF THE PARTIES**

The Allens contend they chose to bring suit in state court and their choice cannot be thwarted by Defendants inasmuch as the state court has concurrent jurisdiction over their Warranty Act claim. Defendants counter removal was proper because the Allen's Warranty Act claim gives the Court jurisdiction over this case.

**V. DISCUSSION AND ANALYSIS**

The sole issue before the Court is whether it was appropriate for Defendants to remove this action to this Court on the basis of the Allen's Warranty Act claim. The simple answer is "Yes."

A plaintiff may initiate Warranty Act cause of action in either state or federal court:

> Subject to [certain restrictions inapplicable here], a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. § 2310(d)(1). Paragraph (3) provides, in pertinent part: "[n]o claim shall be cognizable in" the district court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" 15 U.S.C. § 2310(d)(3)(B). There does not appear to be any dispute the $50,000 requirement is met.

The Allens claim the Warranty Act gives both the state and the federal court jurisdiction; and because they chose to bring their suit in state court, which has concurrent jurisdiction over their Warranty Act claim, the Court ought to remand the case to state court. Although this is a creative argument, it is not a winning one.

4

"That the state and federal courts have concurrent jurisdiction over an action does not defeat a defendant's right to removal[.]" 32A Am. Jur. 2d Federal Courts § 1289. Consequently, "when state and federal courts have concurrent jurisdiction, removal is permitted unless Congress states otherwise." *Id*. (footnote omitted). For Warranty Act claims, Congress has failed to state otherwise. Therefore, nothing gives the Allens the right to bring their suit in state court and keep it there. *See Whitfield v. Fed. Crop Ins. Corp.*, 557 F.2d 413, 414 (4th Cir. 1977) (per curium) (affirming the district court's decision denying remand and holding nothing in the statute at issue "expressly provide[s] that actions brought in state courts pursuant to it may not be removed to federal courts and that the action . . . was properly removed [.]").

Unsurprisingly, the district court decisions the Court has located addressing this issue are all in one accord: removal is appropriate when the state and federal courts have concurrent jurisdiction over the federal claim as long as the relevant statute does not forbid it. *See, e.g.*, *Hopkins v. Fife RV & Auto Ctr.*, 180 F. Supp. 3d 823, 825 (W.D. Wash. 2016) ("Although [a Warranty Act claim] may be filed in state court, nothing in the statute purports to prohibit removal of such a claim."); *Shilling v. Nw. Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 517 (D. Md. 2006) ("[W]hen state and federal courts have concurrent jurisdiction, removal is permitted unless Congress states otherwise."); *Bahari v. Countrywide Home Loans*, 2005 WL 3505604, at *3 (D. Md. Dec. 16, 2005) ("Courts in the Fourth Circuit have long held that concurrent jurisdiction does not preclude a defendant's right to remove an action to federal court. Where federal and state courts have concurrent jurisdiction, Congress must expressly provide for nonremovability to prevent removal."); *Callison v. Charleston Area Med. Ctr., Inc.*, 909 F. Supp. 391, 394 (S.D. W.Va. 1995) ( "The existence of concurrent jurisdiction does not require remand."); *Gleichauf v. Ginsberg*, 859 F. Supp. 229, 231 (S.D. W.Va.1994) ("[M]ere concurrent jurisdiction with the state courts is not enough to withstand removal on original jurisdiction grounds.").

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court the Allen's motion to remand is **DENIED**.

**IT IS SO ORDERED**.

Signed this 25th day of October, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE