

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| JEFFREY E. ALLEN and ELIZABETH A ALLEN, | §.<br>§ | |
| Plaintiffs | § | |
| vs. | § | CIVIL ACTION NO. 4:18-01885-MGL |
| | § | |
| HOLIDAY KAMPER COMPANY OF COLUMBIA, LLC d/b/a Camping World RV Sales; WINNEBAGO INDUSTRIES, INC.; and BANK OF AMERICA, NA, | §<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiffs Jeffery E. Allen and Elizabeth A. Allen (collectively, the Allens) brought this suit in the Court of Common Pleas for Horry County against Defendants Holiday Kamper Company of Columbia, LLC, d/b/a Camping World RV Sales (Camping World), Winnebago Industries, Inc. (Winnebago), and Bank of America, NA (Bank of America) (collectively, Defendants). The Allen's claims include breaches of warranties under state law and the federal Magnuson-Moss Warranty Act (Warranty Act), violations of the South Carolina Manufacturers, Distributors, and Dealers Act, violations of South Carolina's Lemon Law, rescission, and revocation of acceptance.

Defendants subsequently removed the case to this Court. The Court has jurisdiction over the matter in accordance with 28 U.S.C. §§ 1331 and 1367.

Pending before the Court is Defendants' motion for summary judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant in part and deny in part Defendants' motion. Specifically, the Court will grant Defendants' motion as to the Allen's: (1) suit against Camping World, (2) revocation of acceptance and rescission claims, (3) Lemon Law allegations against Winnebago, and (4) causes of action against Bank of America. And, the Court will deny Defendants' motion on the Allen's claims against Winnebago for (1) breach of warranties and (2) violations of the South Carolina Manufacturers, Distributors, and Dealers Act, S.C. Code Ann. § 56-15-10.

## II. FACTUAL AND PROCEDURAL HISTORY

The Allens purchased their 2016 Sunstar LX Class A motorhome (the RV) from Camping World on December 4, 2015. The RV was manufactured by Winnebago. They paid $125,000 for the RV, plus $4,075 in additional charges, for a total of $129,075.00. The Allens financed $90,075 of this amount. The loan was assigned to Bank of America.

According to the Allens, "[s]hortly after purchasing the [RV], [they] experienced numerous unrelenting problems . . . . [They] have had the [RV] in for repairs at the Camping World Repair Shop on numerous occasions, totaling many months." Complaint ¶ 7-8.

After the Allens filed suit in state court, Defendants removed the case to this Court on the basis of the Allen's Warranty Act claim. Subsequent to the Court's denying the Allen's motion to remand, Defendants filed their motion for summary judgment, the Allens filed their response in

opposition, and Defendants filed their reply in support. The Court, having been briefed on the relevant issues, is prepared to adjudicate Defendants' motion on the merits.

III.     **STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears this initial burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23. Hence, the granting of summary judgment involves a three-tier analysis.

First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. The primary issue is whether the material facts present a substantive disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251–52. The substantive law of the case identifies which facts are material. *Id*. at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

## IV. DISCUSSION AND ANALYSIS

### A. *Whether the Court should dismiss the Allen's claims against Camping World*

First, Defendants contend the Allen's claims against Camping World should be dismissed on the basis it validly excluded all the warranties on the RV. The Allens neglect to address this issue in their response to Defendants' motion. Therefore, any argument in opposition they might have is waived. *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 n. * (4th Cir. 2014)

(noting that failure to present legal arguments waives the argument). As such, the Court will grant Defendants' motion for summary judgment on the Allens claims against Camping World.

### B. *Whether the Court should dismiss the Allen's breach of warranty claims*

Second, Defendants state the Allens have failed to establish any breach of warranty by Winnebago. The Allens take exception to this argument.

This portion of the parties' dispute focuses primarily on two component parts of the RV: the slide-outs and the levelers. The slide-outs are used to expand the size of the living space of the RV. And, the levelers are supposed to make the RV level when camping and parked on an uneven terrain.

The Allens maintain "[t]he slide-out mechanisms for the living portions of the home have never worked satisfactorily. The slide-outs continue to work loose and slide [ ] out of their positions on long trips." The Allen's Response in Opposition 2 (citing Jeffrey Allen's Depo.).

Further, Allens state they "have continued to experience the same problem over and over again with the levelers. [They] will go to a particular site, position the levelers, and then over a period of time, the levelers will leak down so that the home is no longer level." *Id*. According to the Allens, "[w]hen the home is no longer level, the doors will not shut properly, and the home is not positioned properly. The [Allens] must continually relevel the home." *Id*.

The parties make an array of arguments in their discussion on the Allen's breach of warranty claims. They develop a couple, but the rest are perfunctory and undeveloped. For instance, the Allen's breach of an implied warranty claim is mentioned, but only briefly. Thus, the Court declines to discuss it or the other conclusory arguments here. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 n. 7 (4th Cir.2006) (conclusorily assigning error without providing supporting argument is insufficient to raise an issue). As such, the Court will address only the Allen's breach of an express warranty and Warranty Act claims here.

### 1. *Whether the Court should dismiss the Allen's breach of an express warranty claim*

Winnebago's limited warranty provides, in relevant part,

> Winnebago promises that any part of this motorhome–except those identified in [the] paragraph entitled, "Excluded from Basic Coverage"– found to be defective in material or workmanship shall be repaired or replaced at no cost to the owner for parts, material, or labor so long as the motorhome has been used exclusively for recreational purposes and maintained as recommended in the Operator's Manual.

2016 New Vehicle Warranty–Winnebago 1.

"[T]o show a breach of an express . . . warranty, the [plaintiff] must . . . show[ ] the existence of the warranty, its breach by the failure of the goods to conform to the warranted description, and damages proximately caused by the breach." *First State Sav. & Loan v. Phelps*, 385 S.E.2d 821, 825 (S.C. 1989). There is no dispute between the parties regarding the first element: the existence of an express warranty.

### *a.  Whether the sliders and levelers are excluded from coverage*

But before considering the other two requirements, the Court will discuss Defendants' argument the slide-outs and the levelers are excluded from Winnebago's limited warranty. In support, Defendants point to the exclusion language in Winnebago's limited warranty, which states, in pertinent part, "Excluded from Basic Coverage . . . [is] a part or component part covered under a warranty issued by its manufacturer[.]" 2016 New Vehicle Warranty–Winnebago 1. As per Defendants' motion, the slide mechanism and the leveler system are "covered by other manufacturers' warranties, and [are] therefore excluded under Winnebago's [l]imited [w]arranty." Defendants' Motion 16.

In response, the Allens cite to several of Defendants' exhibits to their motion for summary judgment, which are work orders for the slide-outs and levelers. Each is marked as being covered under Winnebago's limited warranty:

**WORK ORDERS FOR SLIDE-OUTS**

6

**Defendants' Exhibit 13**–Work Order #88436, 7/25/16, "Check Main Slide issues persist with slide noise and bottom corners creeping out, RB spoke to David at Winnebago and said to order motors first and see if that cures issues."
  COVERED UNDER WINNEBAGO WARRANTY

**Defendants' Exhibit 14**–Work Order #89329, 10/5/16, "Main Slide continues to have noise while traveling 10-5 LT. Spoke to Jeff at Winnebago, suggest changing out the Slide mechanism in case the shaft is bent or bowed. If that doesn't correct the issue then will change the power from 300 to 1 to 500 to 1 and replace control module PO'd 10.10.16."
  COVERED UNDER WINNEBAGO WARRANTY

**Defendants' Exhibit 17**–Work Order #89890, 11/12/16, "Spoke with Steve Hamme at Winne, need to take measurements of both slides having issues and send to tech support and contact Tom Pilgrim at Winne to go over measurements, call Tom at 641-585-6766... R/R Motors on main Slide."
  COVERED UNDER WINNEBAGO WARRANTY

**Defendants' Exhibit 18**–Work Order #91038, 2/10/17, "COMPLAINT: C/S the slide in bedroom is not on the roller. Customer was under the unit and was able to spin rollers. No contact with room and it is noisy when going in and out. CAUSE: Noisy lube slide w/ PTFE spray rollers 1/8" lower than room floor. CORRECTION: Remove both rollers mounted on floor under slide room with 1/4" wrench and Phillips bit X 8 screws cut a piece of black plastic predrill holes for screws reinstall rollers spray lube rails."
  COVERED UNDER WINNEBAGO WARRANTY


**WORK ORDERS FOR LEVELERS**

**Defendants' Exhibit 8**–Work Order #85915, 1/12/16, "When he extends the levelers, the front is 4" lower than the back."
  COVERED UNDER WINNEBAGO WARRANTY

**Defendants' Exhibit 15**–Work Order #89329-1, 10/31/16, "hydraulic jacks reads jacks are down when they are up."
  COVERED UNDER WINNEBAGO WARRANTY

**Defendants' Exhibit 16**–Work Order #89329-2, 11/7/16, "Hydraulic jacks reads jacks are down when they are up; CAUSE: Internal failure on hydraulic (sic) pump; CORRECTION: R/R pump."
  COVERED UNDER WINNEBAGO WARRANTY

> **Defendants' Exhibit 18**–Work Order #91038, 2/10/17, "COMPLAINT: C/S there is fluid leaking from the Jack leveler pump. Fluid was dripping off lower quick connect. CAUSE: Loose quick connect fittings from Lippert. CORRECTION: Tighten all fittings on Manifold block and wipe up hydraulic fluid. Note: Last visit motor only was replaced, hydraulics were not touched."
> COVERED UNDER WINNEBAGO WARRANTY

The Allen's Response in Opposition 10-11.

Defendants do not attempt to explain this discrepancy. Instead, in a footnote in their reply, they state that, although the slide-outs and the levelers are covered by other warranties such that they are excluded from coverage under Winnebago's limited warranty, they wish to withdraw their exclusion argument. Thus, the Court will deny Defendants' motion for summary judgment on this issue.

### b. Whether the Allens can demonstrate a breach of the express warranty

Turning back to the requirements to establish a breach of an express warranty cause of action, Defendants' contend the Allens have failed to satisfy the second element of their claim: "breach [of the warranty] by the failure of the goods to conform to the warranted description[.]" *First State Sav. & Loan*, 385 S.E.2d at 825. "When goods do not conform to a promise or an affirmation of fact made by a seller, or the goods do not conform to a description, sample, or model, then a seller has breached an express warranty." *Herring v. Home Depot, Inc.*, 565 S.E.2d 773, 776 (S.C. Ct. App. 2002).

The Court easily concludes there is sufficient evidence in the record, including the work orders detailed above, from which a reasonable jury could determine Winnebago breached its limited warranty by failing to repair or replace the slide-outs and levelers, even though they repeatedly attempted to do so.

### c. Whether the Allens can show damages

Defendants state the Allens have also failed to satisfy the third requirement to establish their breach of an express warranty claim: "damages proximately caused by the breach." *First State Sav. & Loan*, 385 S.E.2d at 825. "In a breach of warranty action, the measure of damages is 'the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.'" *Chapman v. Upstate RV & Marine*, 610 S.E.2d 852, 856–57 (S.C. Ct. App. 2005) (citing S.C. Code Ann. § 36–2–714(2)).

Given the evidence in the record, which includes the purchase price of the RV, $125,000, and evidence concerning its defect, the Court is of the firm opinion a jury could well find damages flowing from Winnebago's alleged breach. *See Draffin v. Chrysler Motors Corp.*, 252 S.C. 348, 351, 166 S.E.2d 305, 307 (1969) ("There was no direct testimony by the plaintiff regarding the value of the automobile in its alleged defective condition. However, the jury had before it the purchase price of the automobile. There was testimony by the plaintiff, his wife and his son of defects in the automobile. We believe there was sufficient testimony before the jury to enable it to arrive at the value of the automobile in its alleged defective condition.).

Therefore, for all these reasons, the Court is unable to say the Allens have failed to establish any breach of an express warranty by Winnebago. As such, the Court will deny Defendants' motion for summary judgment on the Allen's breach of an express warranty cause of action.

### 2. *Whether the Court should dismiss the Allen's Warranty Act Claim*

Congress enacted the Warranty Act in response to the widespread misuse by merchants of express warranties and disclaimers. 15 U.S.C. § 2401. The Warranty Act "operates in conjunction with state law to regulate the warranting of consumer products." *Carlson v. General Motors Corp.*, 883 F.2d 287, 291 (4th Cir.1989). "Congress intended the application of state law, except as

expressly modified by [the Act], in . . . breach of warranty actions." *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir.1986).

As is applicable here, to bring a cause of action under the Warranty Act, the party in non-compliance with the contract must be notified and given a "reasonable opportunity to cure" the "failure to comply." 15 U.S.C. § 2310(e). The Court is unable to say, as a matter of law, the Allens failed to satisfy this requirement. Consequently, the Court will also deny Defendants' motion for summary judgment on the Allen's Warranty Act claim.

### C. *Whether the Court should dismiss the Allen's revocation of acceptance and rescission claims*

In Defendants' third argument for summary judgment, they maintain the Allen's continued use of the RV post-revocation bars their claims for revocation of acceptance and rescission. The Allens fail to discuss this issue in their response. Accordingly, any argument they might have to the contrary is waived. *See Russell*, 763 F.3d at 396 n. *. The Court will therefore grant Defendants' motion for summary judgment on the Allen's revocation of acceptance and rescission claims.

### D. *Whether the Court should dismiss the Allen's Lemon Law claim*

Fourth, according to Defendants, the Allens Lemon Law claims are without merit. As is relevant here, South Carolina's Lemon Law covers the "private passenger" portion of an RV, "but exclud[es] the living portion of recreational vehicles[.]" S.C. Code Ann. § 56-28-10(4)(a).

Defendants argue that, because both the slide-outs and the levelers are part of the living quarters of the RV, South Carolina's Lemon Law does not cover the Allen's Lemon Law claims. The Allens respond, however, that although "the slide-out mechanism is a part of the living portion of the RV, the leveling system is actually attached to the chassis of the frame of the vehicle and is not a part of the living portion of the RV." The Allens' Response in Opposition 14-15. Consequently, according to the Allens, "the leveling system is covered by the South Carolina Lemon Law and not excluded." *Id*. at 15. Defendants have the better argument.

Neither party cites to any case law for their position. And, the Court has been unable to find any. But, inasmuch as the purpose of the levelers is to make the RV level when camping and parked on an uneven terrain, it follows that they are a part of the living portion of the RV. It certainly cannot reasonably be said they have anything to do with the "private passenger" portion of the RV, as required by Section 56-28-10(4)(a) (stating South Carolina's Lemon Law covers the "private passenger" portion of an RV, "but exclud[es] the living portion of recreational vehicles[.]"). Consequently, the Court will grant Defendants' motion for summary judgment as to the Allen's Lemon Law claim.

### E. Whether the Court should dismiss the Allen's Manufacturers, Distributors, and Dealers Act claims

Fifth, Defendants state the Allens lack standing to bring claims under South Carolina's laws regulating manufacturers, distributors, and dealers, S.C. Code Ann. § 56-14-10, inasmuch as that statute allows a private right of action only to a "dealer, manufacturer, or warrantor injured by another party's violation of the chapter[.] *Id*. In response, the Allens state they are bringing their claim under S.C. Code Ann. § 56-15-10, not S.C. Code Ann. § 56-14-10.

Section 56-15-10 makes it unlawful "for any manufacturer, factory branch, factory representative, distributor, or wholesaler, distributor branch, distributor representative or motor vehicle dealer to engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of the parties or to the public." In a cursory fashion, and without any discussion, Defendants state in their reply "there is no evidence in this case of bad faith or . . . any arbitrary actions that caused [the Allens] damage. . . . [The Allens] have also not proven any damages." Defendants' Reply 9. But, there are genuine issues of material fact on these issues.

Therefore, the Court will deny Defendants' motion for summary judgment on the Allens' South Carolina Manufacturers, Distributors, and Dealers Act, S.C. Code Ann. § 56-15-10, claim.

### F. *Whether the Court should dismiss the Allen's claims against Bank of America*

Sixth, Defendants assert the Allen's claims against Bank of America should be dismissed in light of the Allen's having no valid claims against Camping World. The Allens fail to address this issue in their response. Accordingly, any argument to the contrary is waived. *See Russell*, 763 F.3d at 396 n. *. The Court will thus grant Defendants' motion for summary judgment as to the Allens' claims against Bank of America.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART.** Specifically, Defendants' motion is **GRANTED** as to the Allen's (1) suit against Camping World, (2) revocation of acceptance and rescission claims, (3) Lemon Law allegation against Winnebago, and (4) causes of action against Bank of America. And, Defendants' motion is **DENIED** on the Allen's claims against Winnebago for (1) breach of warranties and (2) violations of the South Carolina Manufacturers, Distributors, and Dealers Act, S.C. Code Ann. § 56-15-10.

**IT IS SO ORDERED**.

Signed this 29th day of August, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
